UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDSON ATKINSON CANDIES, INC. | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 05-C-2203 |
| v. | )<br>) Judge Ruben Castillo |
| LATINI-HOHBERGER DHIMANTEC, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Barry J. Carroll ("Carroll") has filed a motion to dismiss Judson Atkinson Candies Inc.'s ("Judson") amended complaint on the grounds that it fails to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b). (R. 121-1.) Count One of the amended complaint asserts that LMC International ("LMC"), Carroll International Corporation ("CIC"), and Latini-Hohberger Dhimantec ("Dhimantec") are alter egos of Carroll which he operated as a single business enterprise. Count Two alleges that the defendants should be held jointly and severally liable for payment of the judgment because they stripped LMC of its assets. Count Three requests that this Court impose a constructive trust on all of the defendants' assets into which fraudulent transfers were made. Count Four requests that the Court enjoin the defendants from further disposing of the assets or other transferred property. Carroll argues that the amended complaint should be dismissed because Judson has failed to plead fraud with the specificity required by Federal Rule of Civil Procedure 9(b). For the reasons set forth below, we deny Carroll's motion.

# FACTUAL BACKGROUND[1]

This case originated in the District Court for the Western District of Texas, where in January 2004, Judson obtained a judgment of $2,827,402.35 for breach of contract against LMC. After post-judgment collection efforts failed, Judson filed a new complaint against Dhimantec, L Liquidation Company; CIC; Roger Hohberger; and James Elsen. The complaint—which alleges that some of the defendants were alter egos of LMC and that LMC's assets had been fraudulently disposed of—was transferred to this Court on the defendants' motion under §1404(a) of the Judicial Code in April 2005. Carroll was added as a defendant to the amended complaint, which was filed in this Court.

Carroll controlled the internal operations and affairs of numerous entities, including LMC, Dhimantec, and CIC. There was substantial overlap in the administration of these three companies. CIC essentially owned LMC. CIC shared a common accounting system with LMC, controlled LMC's funds through its own bank account, made all disbursement decisions for LMC, and conducted numerous undocumented fund transfers between the two companies. LMC and Dhimantec are even more closely related. The two companies share the same address, facilities, website, customer service team, employees, products, and customers. In addition to a division called Dhimangroup, Dhimantec is comprised of both of LMC's former divisions, Latini Products and Hohberger Products. According to Judson, Dhimantec is simply a continuation of LMC under a different name.

---

[1]The facts recited here are all taken from Judson's amended complaint, which we consider as true for the purposes of this motion to dismiss.

During pre-trial mediation, Judson proposed to buy a portion of LMC's assets as a settlement offer. CIC, however, had already used one of Carroll's brokerage firms to sell LMC's assets to Dhimantec for less than half of what Judson offered. LMC did not disclose this sale at the mediation. Some of the money from the sale went to satisfy CIC debts, including attorneys' fees. Carroll and CIC are tightly connected; in a six-month span, CIC transferred over a quarter of a million dollars to Carroll.

Judson alleges that under Carroll's direction, Hohberger and Elsen—who are both officers of LMC and who are also officers of, respectively, Dhimantec and CIC—transferred almost all of LMC's assets to Dhimantec and CIC. In doing so, they made it impossible for Judson to satisfy its judgment against LMC.

## LEGAL STANDARDS

We will treat Carroll's motion to dismiss Judson's complaint pursuant to Federal Rule of Civil Procedure 9(b) as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which challenges the sufficiency of a complaint for failure to state a claim. *Johnson v. Rivera,* 272 F.3d 519, 520-521 (7th Cir. 2001). This Court draws all reasonable inferences in favor of the plaintiff and accepts as true his well-pleaded factual allegations. *Stachon v. United Consumers Club, Inc.,* 229 F.3d 673, 675 (7th Cir. 2000). This Court will only dismiss a claim if it appears "beyond doubt that the plaintiff cannot prove any set of facts" in support of his claim which would entitle him to relief. *Tobin for Governor v. Ill. State Bd. of Elections,* 268 F.3d 517, 521 (7th Cir. 2001) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

## ANALYSIS

While the federal rules generally provide for liberal notice pleading, Rule 9(b) requires that plaintiffs averring fraud state "the circumstances constituting fraud . . . with particularity." Fed. R. Civ. P. 9(b). However, the defendant's "[m]alice, intent, knowledge [or] other condition of mind . . . may be averred generally." *Id.* In the Seventh Circuit, a plaintiff who provides a "general outline of the fraud scheme" sufficient to "reasonably notify the defendants of their purported role" in the fraud satisfies Rule 9(b). *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992). Under Rule 9(b), a complaint's fraudulent scheme should include the "who, what, when, where and how." *DiLeo v. Ernst & Young*, 901 F.2d 624, 626 (7th Cir. 1990). Individualized information about the role of each defendant in the fraud is not necessary, however, "when such information is uniquely within defendants' knowledge." *Vicom v. Harbridge Merchant Servs.*, 20 F.3d 771, 778 n.5 (7th Cir. 1994). Further, when details of the fraud itself "are within the defendant's exclusive knowledge," specificity requirements are less stringent. *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994). Under those circumstances, the complaint must plead the grounds for the plaintiff's suspicions of fraud. *Bankers Trust v. Old Republic*, 959 F.2d 677, 684 (7th Cir. 1992).

Carroll argues that Judson's amended complaint must be dismissed because it does not describe the precise dates and amounts of any transfers from LMC to Carroll. On this basis, Carroll argues that the amended complaint does not satisfy the specificity requirements of Rule 9(b). (Carroll's Reply to Mot. to Dismiss at 5.) The Seventh Circuit, however, has rejected the contention that Rule 9(b) requires full-scale fact pleading in a fraud case. *Old Republic*, 959 F.2d at 683. While Judson's amended complaint does not fully detail the precise circumstances of Carroll's alleged fraudulent conveyances, it sufficiently alleges fraud for the purposes of Rule 9(b). The amended complaint supplies the necessary "who" (Carroll, Hohberger and Elsen), "what" (removal of LMC's assets to Dhimantec and CIC), "when" (around the time of Judson's $2.827 million judgment against LMC), "where" (in Illinois) and "how" (through transfers made at Carroll's direction by Hohberger and Elsen). In short, it gives Carroll adequate notice of his purported role in the scheme. Given the current status of discovery, Judson has described with sufficient particularity the facts supporting both the existence of Carroll's various entities as alter egos of himself operating as a single business enterprise and the allegations of fraudulent conveyances.

## CONCLUSION

For the reasons provided above, we deny Defendant Barry J. Carroll's motion to dismiss pursuant to Federal Rule of Civil Procedure 9(b). (R. 121-1).

ENTERED:

**Judge Ruben Castillo**
**United States District Court**

**Dated: May 12, 2006**